Tyree P. Jones, Jr. (SBN 127631)
David S. Reidy (SBN 225904)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:     (415) 543-8700
Facsimile:      (415) 391-8269

Mark S. Melodia  *Appearing Pro Hac Vice*
Paul J. Bond
REED SMITH LLP
Princeton Forrestal Village
136 Main Street
Suite 250
Princeton, NJ 08540
Telephone:     (609) 520-6015
Facsimile:      (609) 951-0824

Attorneys for Defendant
FIRST FRANKLIN FINANCIAL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA P. SIERRA and LILLIAN SERGENTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DEFENDANT FIRST FRANKLIN FINANCIAL CORPORATION<br><br>Defendant. | **Case No.   08-02735 JW**<br>**08-CV-1515**<br><br>**ANSWER OF DEFENDANT FIRST FRANKLIN FINANCIAL CORPORATION TO PLAINTIFFS' COMPLAINT** |

**ANSWER**

Defendant First Franklin Financial Corporation ("Defendant") hereby answers the allegations of the Complaint filed in this action by plaintiffs Claudia P. Sierra and Lillian Sergenton, on behalf

of themselves and all others similarly situated ("Plaintiffs").  Unless expressly admitted herein, Defendant lacks sufficient information to admit or deny the allegations of the Complaint and, on that basis, denies the allegations.

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiffs purport to assert claims against Defendant on behalf of themselves and a putative class of similarly situated minority homeowners under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.* ("ECOA") and the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("FHA").  Except as expressly admitted herein, Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 1 and, on that basis, denies the allegations.

2. Answering Paragraph 2 of the Complaint, Defendant denies the allegations contained therein.

3. Answering Paragraph 3 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

4. Answering Paragraph 4 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

5. Answering Paragraph 5 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

6. Answering Paragraph 6 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

7. Answering Paragraph 7 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

8. Answering Paragraph 8 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

9. Answering Paragraph 9 of the Complaint, Defendant denies the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant denies the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant admits that Plaintiffs purport to seek the stated relief, but deny that Plaintiffs are entitled to any such relief from Defendant.

## JURISDICTION AND VENUE

12. Answering Paragraph 12 of the Complaint, Defendant admits that this Court has original jurisdiction over civil actions arising under federal law.

13. Answering Paragraph 13 of the Complaint alleging that venue is proper in this Court, Defendant neither admits nor denies the allegation because venue is a question of law.  Defendant admits that it maintains its principal executive offices in this District.  As for the remaining allegations of Paragraph 13, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

## PARTIES

14. Answering Paragraph 14 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

15. Answering Paragraph 15 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

16. Answering Paragraph 16 of the Complaint, Defendant admits that since being acquired by Merrill Lynch in December 2006, Defendant First Franklin Corporation has acted as an operating subsidiary of Merrill Lynch Bank & Trust Co., F.S.B. until June 2, 2008, when it became an operating subsidiary of Merrill Lynch Mortgage Services Corporation.  Defendant admits the remaining allegations of Paragraph 16.

## FACTS

17. Answering Paragraph 17 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

18. Answering Paragraph 18 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

19. Answering Paragraph 19 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

20. Answering Paragraph 20 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

21. Answering Paragraph 21 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

22. Answering Paragraph 22 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

23. Answering Paragraph 23 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

24. Answering Paragraph 24 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

25. Answering Paragraph 25 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

26. Answering Paragraph 26 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

27. Answering Paragraph 27 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

28. Answering Paragraph 28 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

29. Answering Paragraph 29 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

30. Answering Paragraph 30 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

31. Answering Paragraph 31 of the Complaint, Defendant denies that it engaged in predatory lending practices.  As for the remaining allegations of Paragraph 31, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

32. Answering Paragraph 32 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

33. Answering Paragraph 33 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

34. Answering Paragraph 34 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

35. Answering Paragraph 35 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

36. Answering Paragraph 36 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

37. Answering Paragraph 37 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

38. Answering Paragraph 38 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

39. Answering Paragraph 39 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

40. Answering Paragraph 40 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

41. Answering Paragraph 41 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

42. Answering Paragraph 42 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

44. Answering Paragraph 44 of the Complaint, Defendant denies the allegations contained therein.

45. Answering Paragraph 45 of the Complaint, Defendant denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, Defendant denies the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

48. Answering Paragraph 48 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

49. Answering Paragraph 49 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

50. Answering Paragraph 50 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

51. Answering Paragraph 51 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

52. Answering Paragraph 52 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

53. Answering Paragraph 53 of the Complaint, Defendant denies the allegations contained therein.

54. Answering Paragraph 54 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

55. Answering Paragraph 55 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

56. Answering Paragraph 56 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

57. Answering Paragraph 57 of the Complaint, Defendant denies the allegations contained therein.

58. Answering Paragraph 58 of the Complaint, Defendant denies the allegations contained therein.

59. Answering Paragraph 59 of the Complaint, Defendant denies the allegations contained therein.

60. Answering Paragraph 60 of the Complaint, Defendant denies the allegations contained therein.

61. Answering Paragraph 61 of the Complaint, Defendant denies the allegations contained therein.

62. Answering Paragraph 62 of the Complaint, Defendant admits that it has a duty not to discriminate against legally protected classes of borrowers.  Except as otherwise admitted here, Defendant denies the allegations of Paragraph 62.

63. Answering Paragraph 63 of the Complaint, Defendant denies the allegations contained therein.

64. Answering Paragraph 64 of the Complaint, Defendant denies the allegations contained therein.

65. Answering Paragraph 65 of the Complaint, Defendant denies the allegations contained therein.

66. Answering Paragraph 66 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

67. Answering Paragraph 67 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

68. Answering Paragraph 68 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

69. Answering Paragraph 69 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

70. Answering Paragraph 70 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

71. Answering Paragraph 71 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

72. Answering Paragraph 72 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

73. Answering Paragraph 73 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

74. Answering Paragraph 74 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

75. Answering Paragraph 75 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

76. Answering Paragraph 76 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

77. Answering Paragraph 77 of the Complaint, Defendant denies the allegations contained therein.

78. Answering Paragraph 78 of the Complaint, Defendant denies the allegations contained therein.

79. Answering Paragraph 79 of the Complaint, Defendant denies the allegations contained therein.

80. Answering Paragraph 80 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

81. Answering Paragraph 81 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

82. Answering Paragraph 82 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

83. Answering Paragraph 83 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

84. Answering Paragraph 84 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

85. Answering Paragraph 85 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

86. Answering Paragraph 86 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

87. Answering Paragraph 87 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

88. Answering Paragraph 88 of the Complaint, Defendant denies the allegations contained therein.

89. Answering Paragraph 89 of the Complaint, Defendant denies the allegations contained therein.

90. Answering Paragraph 90 of the Complaint, Defendant denies the allegations contained therein.

91. Answering Paragraph 91 of the Complaint, Defendant denies the allegations contained therein.

92. Answering Paragraph 92 of the Complaint, Defendant repeats and realleges each of its responses to the allegations set forth in Paragraphs 1 through 91 above as if set forth herein.

93. Answering Paragraph 93 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

94. Answering Paragraph 94 of the Complaint, Defendant denies the allegations contained therein.

95. Answering Paragraph 95 of the Complaint, Defendant denies the allegations contained therein.

96. Answering Paragraph 96 of the Complaint, Defendant denies the allegations contained therein.

97. Answering Paragraph 97 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

98. Answering Paragraph 98 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

99. Answering Paragraph 99 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

100. Answering Paragraph 100 of the Complaint, Defendant denies the allegations contained therein.

101. Answering Paragraph 101 of the Complaint, Defendant denies the allegations contained therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

102. Answering Paragraph 102 of the Complaint, Defendant denies the allegations contained therein.

103. Answering Paragraph 103 of the Complaint, Defendant denies the allegations contained therein.

104. Answering Paragraph 104 of the Complaint, Defendant denies the allegations contained therein.

105. Answering Paragraph 105 of the Complaint, Defendant denies the allegations contained therein.

106. Answering Paragraph 106 of the Complaint, Defendant denies the allegations contained therein.

## CLASS ACTION ALLEGATIONS

107. Answering Paragraph 107 of the Complaint, Defendant repeats and realleges each of its responses to the allegations set forth in Paragraphs 1 through 106 above as if set forth herein.

108. Answering Paragraph 108 of the Complaint, Defendant admits that Plaintiffs purport to sue on their own behalf and on behalf of a class of persons purportedly defined in the Complaint. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 108.

109. Answering Paragraph 109 of the Complaint, Defendant admits that Plaintiffs purport to sue on their own behalf and on behalf of a class of persons under Rule 23(a) and (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure.

110. Answering Paragraph 110 of the Complaint, Defendant denies the allegations contained therein.

111. Answering Paragraph 111 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

112. Answering Paragraph 112 of the Complaint, Defendant denies the allegations contained therein.

113. Answering Paragraph 113 of the Complaint, Defendant denies the allegations contained therein.

114. Answering Paragraph 114 of the Complaint, Defendant denies the allegations contained therein.

115. Answering Paragraph 115 of the Complaint, Defendant denies the allegations contained therein.

116. Answering Paragraph 116 of the Complaint, Defendant denies the allegations contained therein.

## COUNT I

117. Answering Paragraph 117 of the Complaint, Defendant repeats and realleges each of its responses to the allegations set forth in Paragraphs 1 through 116 above as if set forth herein.

118. Answering Paragraph 118 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

119. Answering Paragraph 119 of the Complaint, Defendant denies the allegations contained therein.

120. Answering Paragraph 120 of the Complaint, Defendant denies the allegations contained therein.

121. Answering Paragraph 121 of the Complaint, Defendant denies the allegations contained therein.

122. Answering Paragraph 122 of the Complaint, Defendant denies the allegations contained therein.

123. Answering Paragraph 123 of the Complaint, Defendant denies the allegations contained therein.

## COUNT II

124. Answering Paragraph 124 of the Complaint, Defendant repeats and realleges each of its responses to the allegations set forth in Paragraphs 1 through 123 above as if set forth herein.

125. Answering Paragraph 125 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

126. Answering Paragraph 126 of the Complaint, Defendant denies the allegations contained therein.

127.  Answering Paragraph 127 of the Complaint, Defendant denies the allegations contained therein.

128.  Answering Paragraph 128 of the Complaint, Defendant denies the allegations contained therein.

129.  Answering Paragraph 129 of the Complaint, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1.  Defendant alleges as an affirmative defense that the Complaint, and each cause of action asserted therein, fails to allege sufficient facts to state any claim for which relief can be granted to Plaintiffs because it fails to allege a discriminatory practice or disparate impact on Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2.  Defendant alleges as an affirmative defense that Plaintiffs' claims are barred by any and all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Waiver)**

3.  Defendant alleges as an affirmative defense that Plaintiffs waived any and all claims, rights and demands made in the Complaint because they accepted the terms of any and all loans obtained from Defendant.

### FOURTH AFFIRMATIVE DEFENSE

**(Estoppel)**

4.  Defendant alleges as an affirmative defense that Plaintiffs are barred by the doctrine of estoppel from asserting the claims, rights and demands made in the Complaint, because Defendant

1  reasonably and justifiably relied on its loan contracts, if any, with Plaintiffs, and upon the terms and
2  conditions stated therein, and funded the loans, if any, to Plaintiffs' benefit.

### FIFTH AFFIRMATIVE DEFENSE
### (Business Necessity/Justification)

6.  5.  Defendant alleges as an affirmative defense that any alleged acts or omissions of Defendant that gave rise to Plaintiffs' alleged claims were and are justified by a legitimate business necessity and/or other legitimate non-discriminatory reason.

### SIXTH AFFIRMATIVE DEFENSE
### (Consent/Acquiescence)

6  Defendant alleges as an affirmative defense that Plaintiffs acquiesced in and/or consented to the acts and omissions alleged in the Complaint herein, including by accepting any and all loan terms and conditions disclosed to Plaintiffs by Defendant and by voluntarily and knowingly paying any fees and making other payments associated with the loans.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Discriminatory Practice)

7.  Defendant alleges as an affirmative defense that it has not engaged in any discriminatory practices as alleged in the Complaint and that discriminatory intent was not a factor in determining the terms or conditions of any loan made to Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Disparate Impact)

8.  Defendant alleges as an affirmative defense that its loan policies and procedures do not and did not have an improper disparate impact on any minority borrower, including Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE
### (Fault of Others)

9.  Defendant alleges as an affirmative defense that Plaintiffs' damages, if any, were proximately caused and/or contributed to by the acts, omissions, negligence and/or intentional misconduct of third parties, and were not caused by Defendant.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

///

///

///

### TENTH AFFIRMATIVE DEFENSE

**(No Damages)**

10. Defendant alleges as an affirmative defense that Defendant has committed no act or omission causing damage to Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Speculative Damage)**

11. Defendant alleges as an affirmative defense that the damages claimed by Plaintiffs in the Complaint are too speculative to support any cognizable claim for relief.

### TWELFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

12. Defendant alleges as an affirmative defense that Plaintiffs failed, refused and/or neglected to take reasonable steps to mitigate their alleged damages, if any, thus barring or diminishing any recovery by them against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(No Sufficient Intent)**

13. Defendant alleges as an affirmative defense that Defendant had no sufficient intent for the commission of the matters alleged in the Complaint and did not act with intent to discriminate against Plaintiffs.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Standing)**

14. Defendant alleges as an affirmative defense that Plaintiffs do not have standing to bring the causes of action alleged in their Complaint because they were not discriminated against and did not pay any fee or interest rate unrelated to creditworthiness or risk.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Privilege)**

15.     The Complaint and each claim therein are barred because Defendant's acts and statements at all times were privileged.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Punitive Damages or Injunctive Relief)

16.     The Complaint fails to state facts sufficient to entitle Plaintiffs to recover punitive or exemplary damages or injunctive relief.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Parol Evidence Rule)

17.     Plaintiffs are barred by the Parol Evidence Rule from asserting the claims contained against Defendant in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Several Liability)

18.     The liability of Defendant, if any, is limited to several liability with respect to all non-economic damages.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Consistent With Law and Applicable Regulations)

19.     The Complaint and each claim set forth therein are barred because Defendant's conduct was consistent with all applicable law and regulations.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Good Faith)

20.     The Complaint and each claim set forth therein are barred because Defendant's conduct was at all times undertaken in good faith.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Statutory Compliance)

21.     Defendant has complied and is complying with all applicable provisions of federal and state statutes regulating the issuance of mortgage loans.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**(No Enjoinable Conduct)**

22. The Complaint, and each cause of action alleged therein, fails to show any entitlement to the remedy of injunctive relief because it fails to state facts sufficient to show continuing wrongful acts, the threat of irreparable harm, the inadequacy of a legal remedy, or any reasonable likelihood of repetition of any alleged conduct actually established to be wrongful.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Class Action Improper – Lack of Typicality)**

23. Plaintiffs' action is not proper for class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") as Plaintiffs' claims are not typical of the claims of the purported class members.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Class Action Improper – No Predominance of Common Questions)**

24. Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 as the questions of law and/or fact common to the purported class do not predominate over questions affecting individual members of the purported class.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Class Action Improper – Not Adequate Representatives)**

25. Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 because Plaintiffs are not adequate class representatives and Plaintiffs' Counsel would not be adequate counsel for any proposed class.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Class Action Not Superior)**

26. Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 because class action treatment is not superior to individual resolution of claims arising under Defendant's various mortgage loans.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Class Action Improper – Not a Member of the Class)**

27. Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 because Plaintiffs are not members of the class they seek to represent and cannot adequately represent its interests.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Class Action Improper – Variations in State Law)

28. Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 because variations in state law make class treatment inappropriate.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Absence of Indispensable Parties)

29. The Complaint and each claim therein are barred pursuant to FRCP 19 to the extent that Plaintiffs seek adjudication of the claims of absent parties, relief based upon the claims of absent parties, and/or remedies or judgment in favor of absent parties over whom this Court has no jurisdiction.

### THIRTIETH AFFIRMATIVE DEFENSE
### (No Ratification)

30. The Complaint and each claim therein are barred because Defendant did not ratify any alleged misconduct on the part of independent brokers.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (No Duty Regarding Suitability)

31. To the extent some or all of the Plaintiffs' claims are based on the premise that Defendant had a duty, fiduciary or otherwise, or any other obligation to determine whether its loans were "suitable" for individual borrowers, such claims fail to state a cause of action. No such duty existed for some or all of the loans, and Defendant was not, and never was a fiduciary of Plaintiffs or any purported class member.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Mutually Exclusive Remedies)

32. By statute, Plaintiffs may not recover under both the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, and the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.*, requiring that the Court dismiss one of the claims.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

33. Plaintiffs' claims for punitive damages are unconstitutional both facially and as applied to Defendant pursuant to the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and applicable and analogous sections of state constitutions.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Violation of Rights to Equal Protection)

34. Any provisions of federal law limiting the amount of punitive damages which may be awarded in specified types of cases, while permitting unlimited exemplary damages for other tortious conduct, unlawfully discriminate against defendants who are subject to unlimited exemplary damage awards, such as Defendant, in favor of defendants not subject to unlimited exemplary damage awards. Such discrimination violates the Fifth and Fourteenth Amendments of the United States Constitution, and applicable and analogous sections of state constitutions.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Violation of Due Process)

35. Any application of federal law permitting an award of exemplary damages in this action is vague, imprecise and inconsistent and in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and applicable and analogous sections of state constitutions.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice of Grievance)

36. Plaintiffs are barred from this suit because they failed to provide a Notice of Grievance and reasonable opportunity for response, as required by contract, prior to commencing this action.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Submit to Arbitration)**

37. Plaintiffs are barred from this suit because of a contractual agreement to submit claims to arbitration.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Political Question)**

38. Plaintiffs cannot obtain the relief sought because the relief sought consists of or requires this Court's determination of political questions reserved for the Executive and Legislative branches of government.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Class Action Improper – Not Ascertainable)**

39. Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 because the putative membership in any such class cannot be readily ascertained.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Reservation of Rights and Additional Defenses)**

40. Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available in this action. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate, and also reserves any and all defenses applicable to any class member, in the event any court certifies any class in this or any related or consolidated action, and further reserves any and all defenses applicable to Plaintiffs' qualifications or adequacy as the representative(s) of any such class.

///
///
///
///
///

///

///

///

///

///

**WHEREFORE** Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint;

2. That no class be certified in this action;

3. For its costs of suit herein;

4. For its attorneys' fees according to proof; and

5. For such other and further relief as this Court may deem just and proper.

DATED:  August 18, 2008

                              REED SMITH LLP

                              By    /s/ Mark S. Melodia
                                  Mark S. Melodia
                                  Tyree P. Jones, Jr.
                                  Attorneys for Defendant
                                  DEFENDANT FIRST FRANKLIN FINANCIAL CORPORATION